UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID GIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:22-cv-0184 |
| v. | ) Richardson/Holmes |
| | ) |
| BRIDGESTONE AMERICAS, INC. and | ) |
| BRIDGESTONE RETAIL OPERATIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

**PROPOSED INITIAL CASE MANAGEMENT ORDER**

A.      JURISDICTION:   The court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(l).

B.      BRIEF  THEORIES  OF  THE  PARTIES:

For Plaintiff:   David Gil has worked for Defendants (collectively "Bridgestone") in its retail

tire centers since 1996.   During the course of his employment, Bridgestone, both through its

employees and its vendors, communicated inaccurate and misleading information to Mr. Gil about

his pension benefits sponsored by the company.   Bridgestone also failed to provide Mr. Gil with

periodic written materials, as mandated by federal law, that could have potentially averted him to the

company's misrepresentations.   Those actions by Bridgestone violated Bridgestone's fiduciary and

other statutory duties, *see* 29 U.S.C. § 1104 and 29 U.S.C. § 1025, and harmed Mr. Gil, who

detrimentally relied on Bridgestone's misrepresentations and omissions.   Mr. Gil brings this civil

action pursuant to Sections 502(a)(3) and (c) of ERISA to remedy those harms.

For Defendants: David Gil's ("Gil") worked for Bridgestone Retail Operations, LLC

("BSRO") as a salaried employee between 1996 and 2000.   As a salaried employee, he was eligible

to participate in a retirement plan (the "Plan") sponsored and administered by Bridgestone

Americas, Inc. ("BSAM") that was made available to salaried employees of various Bridgestone

4879-5389-9045.2

4890-3499-7029, v. 1

affiliates, including BSRO.  Gil left BSRO in 2000 to work for a competitor.  In 2001, he left that competitor to work for Morgan Tire, yet another competitor.  In 2006, Morgan Tire was acquired by a subsidiary of BSAM, at which point Gil became employed by BSRO as an hourly employee.  Under the terms of the Plan, Gil was only eligible to participate, and only accrued a benefit, during the time between 1996 and 2000 when he worked for BSRO as a salaried employee.

BSAM, as the named plan administrator for the Plan, provided Gil information about his participation in the Plan in accordance with ERISA, including providing him annually with information about how to request pension estimates.  While an online benefit estimation tool available to Plan participants through a vendor generated an incorrect estimate for a period of time, no one acting as a fiduciary of the Plan misrepresented Gil's benefit under the Plan to him.  And with the information provided to him by the Plan, Gil reasonably could correctly determine both his eligibility and benefit under the Plan.

C.	ISSUES RESOLVED:  Jurisdiction and venue are not in dispute.

D.	ISSUES STILL IN DISPUTE:  Damages and liability.

E.	INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), which must include copies (not descriptions) of responsive documents on or before **July 1, 2022**.

F.	CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:

The parties are encouraged to make settlement efforts throughout the pendency of this case and must make at least one **substantive** attempt at resolution.  By no later than **November 18, 2022**, the parties must file a joint case resolution status report confirming their substantive attempt at settlement. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel

discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their obligations under this case resolution plan.**

G.     DISCOVERY: The parties must complete all written discovery and depose all fact witnesses on or before **January 13, 2023**. Written discovery shall proceed promptly (unless otherwise provided for herein). Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. All discovery-related motions must be filed by no later than **January 20, 2023**, unless otherwise ordered by the Court. It will be within the discretion of the

Magistrate Judge whether to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the affected parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for every affected party held the required telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response.

H.      MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties must be filed by no later than **October 28, 2022**, and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion.

I.      SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically using the Court's conference line on _____, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

J.      DISPOSITIVE MOTIONS: Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01. All other

dispositive motions must be filed by no later than **February 10, 2023**. Responses to dispositive motions must be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

K.      ELECTRONIC DISCOVERY. The parties have reached an agreement on how to conduct electronic discovery. Unless meta-data is otherwise relevant and requested, disclosure or discovery of electronically stored information will be handled by producing electronically stored information in hard-copy or static form, thereby allowing documents produced to be indexed and individually marked through bates stamping. Administrative Order No.174 therefore need not apply.

L.      MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has

4879-5389-9045.2

4890-3499-7029, v. 1

discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The bench trial of this action is expected to last approximately 2 days. A trial date no earlier than **July 26, 2023**, is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Richardson. It is so ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

APPROVED FOR ENTRY:


/s/ Karla M. Campbell
Karla M. Campbell, BPR No. 27132
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Suite, 200
Nashville, TN 37203
Tel. (615) 254-8801
Fax: (615) 255-5419
karlac@bsjfirm.com

*Counsel for Plaintiff*

4879-5389-9045.2

4890-3499-7029, v. 1

/s/ John E. B. Gerth
John E. B. Gerth BPR No. 24439
WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN  37219
Tel.   (615) 244-6380
Fax:  (615) 244-6804
jeb.gerth@wallerlaw.com

*Counsel for Defendants*

4879-5389-9045.2

4890-3499-7029, v. 1